UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ZOE V. PARKER,                              :
                                            :
            Plaintiff,                      :
    v.                                      :   No. 5:15-cv-02148
                                            :
COMMISSIONER CAROLYN COLVIN,                :
Social Security Administration,             :
                                            :
            Defendant.                      :
_____

# O R D E R

**AND NOW**, this 13th day of September, 2016, upon consideration of Plaintiff's Complaint, ECF No. 1, and her subsequent correspondence with the Court, ECF Nos. 13, 14, 16, 18, 20, 21, and Defendant's response, ECF No. 15, as well as the record herein, ECF No. 10, and after review of the Report and Recommendation ("R&R") of M. Faith Angell, United States Magistrate Judge, ECF No. 22, and Plaintiff's objection to the R & R, ECF No. 23, **IT IS ORDERED** that:

1.      Plaintiff's objections to the Report and Recommendation are **OVERRULED**.

The Court adopts the R&R by Magistrate Judge Angell, and writes separately only to address Plaintiff's objections to the R&R. When reviewing an R&R to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Plaintiff raises two objections to the R&R; the Court shall address each in turn.

First, Plaintiff contends that neither the Administrative Law Judge ("ALJ") nor Magistrate Judge Angell considered evidence of Plaintiff's visits to Holcomb Behavioral Health ("Holcomb") in Exton, Pennsylvania. The Administrative Record contains several sets of

documents from Holcomb. Most notably, the Record contains two "diagnostic evaluations" of Plaintiff from Holcomb dated September 28, 2012, and October 12, 2012.[1] R. 528-35.[2] The ALJ reviewed these documents, observing the following:

> As of September 28, 2012 the claimant's mental status showed good attention and concentration, normal speech, thought process was clear, coherent and goal directed, insight and judgment was good, affect was broad and appropriate. She had no suicidal or homicidal ideation. Her cognitive functioning was average. She was fully oriented. She did have a depressed mood and motor was tense. The claimant was diagnosed with depressive disorder and PTSD with a global assessment functional (GAF) score of 55. The same observation was made on October 12, 2012. The GAF was 54.

R. 52.[3] The ALJ incorporated this information into her overall assessment of Plaintiff's mental impairments, along with other evidence in the record. *See* R. 54. In short, there is no basis to conclude that the ALJ disregarded Plaintiff's experience at Holcomb.

The record also contains several documents from Holcomb titled "Service Rendered Sheet," dating from October 2012 through July 2013. *See* R. 462-487; R. 629-637; R. 726- 735. These documents record the date and time of various individual and group therapy sessions that Plaintiff attended. However, the documents do not contain any substantive information about Plaintiff's condition and do not provide a basis for challenging the R&R or the ALJ's decision.

Finally, the record contains a number of documents from Holcomb that Plaintiff apparently submitted to the Social Security Administration Appeals Counsel following the ALJ's

---

[1] It appears that these evaluations were submitted to the ALJ by Plaintiff's attorney as part of a packet of documents sent on or around May 17, 2013. *See* R. 44. The attorney identified these documents as "[m]edical records from Philadelphia VAMC." *Id.*

[2] References to "R.__" are to pages of the Administrative Record filed by the Defendant on July 27, 2015. ECF No. 10.

[3] In a few instances, the ALJ confused the dates of the reports. For example, it was the October 12 report, not the September 28 report, which stated that Plaintiff's motor was "tense" and her affect "broad and appropriate." The September 28 report, by contrast, stated that Plaintiff's motor was "within normal limits" and her affect was "blunted." These errors, however, are harmless.

decision. *See* R. 18-25; 29-43. With respect to these records, the Appeals Counsel stated as follows:

> We also looked at medical records from Holcomb Behavioral Health Systems dated December 6, 2013 through February 12, 2014 (16 pages); and medical records from Holcomb Behavioral Health Systems dated March 3, 2014 through March 14, 2014 (9 pages). The Administrative Law Judge decided your case through November 29, 2013. This new information is about a later time.

R. 2. Thus, these later records are not relevant to this case.

Plaintiff's second objection is that "the ALJ picked and chose which diagnoses of Ms. Parker to address." Specifically, Plaintiff contends that the ALJ ignored Plaintiff's diagnoses of anhedonia, PTSD, and sciatica pain. In fact, the ALJ addressed each of these diagnoses. With respect to Plaintiff's sciatica pain, the ALJ found that Plaintiff testified to this condition during her hearing, and that this diagnosis was included in Plaintiff's treatment records from the Philadelphia VAMC. *See* R. 51-52. However, the ALJ also found that the same Philadelphia VAMC records showed that Plaintiff was capable of at least sedentary work activities, a conclusion the ALJ reiterated and incorporated into her ultimate determination of Plaintiff's residual functional capacity. *See* R. 53-54.

With respect to Plaintiff's diagnosis of PTSD, as set forth above, the ALJ addressed this diagnosis in connection with her analysis of Plaintiff's records from Holcomb. Finally, with respect to Plaintiff's diagnosis of anhedonia, the source of this diagnosis is Dr. Inman's evaluation form, which the ALJ summarized on page 7 of her decision as follows:

> On August 14, 2012, the VAMC of Coatesville completed a mental residual functional capacity questionnaire. The claimant had been under treatment at the facility since August 18, 2011. She went for therapy once a month. Her last therapy session was on August 11, 2012. The claimant was diagnosed with depressive disorder with a GAF of 60. She was treated with individual therapy and medication. Her symptoms included anhedonia or pervasive loss of interest, decreased energy, difficulty thinking or concentrating, emotional lability, generalized persistent anxiety, mood disturbance, persistent irrational fear of a

> specific object, activity or situation, and persistent disturbance of mood or affect. The claimant overall has moderate limitations but is able to function satisfactorily. She has marked limitations in tolerating normal levels of stress or traveling to unfamiliar places or using public transportation. She has moderate limitations interacting with supervisors and co-workers, setting realistic goals or making plans independent of others, performing activities within a schedule or maintaining a regular attendance and being punctual, or working in coordination with or proximity to others without distraction. The claimant could miss about two days per month due to her mental impairments (Exhibit 7F).

R. 53. As indicated in the ALJ's summary, Dr. Inman diagnosed Plaintiff as suffering from depressive disorder; "anhedonia" is not listed as a separate condition but rather is listed as one of several "symptoms and signs" of Plaintiff's diagnosis. R. 433-434. There is no error in the ALJ's consideration of this symptom.

2. The Report and Recommendation is **APPROVED and ADOPTED**.

3. The relief sought in Plaintiff's Complaint and in her subsequent correspondence with the Court, ECF No. 1 et seq., is **DENIED**.

4. **Judgment is ENTERED** in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and against Plaintiff Zoe Victoria Parker, **AFFIRMING** the Decision of the Commissioner of Social Security.

5. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

                                                BY THE COURT:

                                                */s/ Joseph F. Leeson, Jr.*_____
                                                JOSEPH F. LEESON, JR.
                                                United States District Judge